## AIKEN v. THE WESTERN UNION TELEGRAPH CO.

1. **Telegraphs**: PURCHASE ON MESSAGE WRONGLY TRANSMITTED: EVIDENCE. In an action for the negligent transmission of a message by telegraph, the plaintiff was properly permitted to testify that the dispatch received, as read by him, directed him to purchase at a certain price,—for the purpose of showing his good faith in purchasing at that price, and that he acted upon the dispatch in making the purchase, but

not for the purpose of showing what was the reasonable interpretation of the dispatch.

2. ———: ———: LIABILITY OF COMPANY: BURDEN OF PROOF AS TO DILIGENCE. A telegram received by defendant from plaintiff's brokers for transmission to him was written on one of defendant's forms, which contained a printed condition that the company "shall not be liable for mistakes or delays in the transmission or delivery, or for the non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same." *Held* that, before plaintiff could recover for damages sustained through the erroneous transmission of the message, which was not repeated, he was not only required to prove a mistake and consequential damages, but he had the burden to show that the mistake was caused by the fault of defendant, and that it might have been avoided if defendant's instruments had been good ones, and if defendant's agents had possessed the requisite skill, and exercised the proper care in respect to the receipt and transmission of the message in question;— following *Sweatland v. Ill. & Miss. Tel. Co.*, 27 Iowa, 433;—and an instruction casting upon the defendant the burden to show due diligence on its part is disapproved.

## Appeal from Page District Court.

### THURSDAY, JUNE 10.

ACTION to recover damages sustained by plaintiff by reason of the mistake of defendant's employe in transmitting incorrectly a telegraphic message sent to plaintiff. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*W. F. Thummel*, for appellant.

*N. B. Moore*, for appellee.

BECK, J.—I.   The plaintiff, who was a dealer in live-stock, sent to his brokers, William Young & Co., Chicago, a telegraphic message, in the following language: "What will fifteen hundred young western cattle, corn fed, bring?" The brokers gave to defendant for transmission a reply to this dispatch in these words: "If good quality, five eighty-five to six cents." The reply, as transmitted and delivered to

plaintiff reads as follows: "If good quality, give eighty-five to six cents." Upon receiving this dispatch, plaintiff, relying thereon, purchased a large number of cattle, giving therefor $5.75 per 100 pounds. He understood the reply to direct him to give for cattle of the description specified $5.85 to $6 per hundred pounds. The cattle thus purchased were shipped to Chicago, and sold by his brokers at the ruling rate for such cattle,—$5.90 per 100 pounds. The reply, as written by the brokers, and delivered to defendants, correctly stated the market price of cattle of the quality mentioned.

Plaintiff lost $309.80 upon the shipment, and brings this action to recover that sum. The reply sent by the brokers was written upon paper which contained a printed condition to the effect that the defendant "shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same." The message involved in this case was not repeated. The condition printed upon the message provides that defendant may charge for repeating a message one-half the regular rate in addition thereto. The message was received and sent subject to these conditions.

II. The plaintiff demurred to defendant's answer. The demurrer was sustained as to the fourth count of the answer, and overruled as to the other counts. Of the ruling sustaining the demurrer to the fourth count of the answer defendant now complains. This count pleaded, as a defense, that the contract for the transmission of the message was not made with plaintiff, but with his brokers, and for this reason plaintiff cannot sue thereon. It is alleged in the count that the contract set out in the conditions above stated is valid and enforceable. Counsel for defendant insists that the court below held in the ruling sustaining the demurrer that it was not competent for defendant to limit its liability by the conditions of the contract. It clearly appears that the court below did not intend, and, indeed, did not make, any such

ruling.   It was held therein, and nothing more, that plaintiff could maintain the action for the mistake in transmitting to him the reply of his brokers.   Other counts of the demurrer, raising the very point which counsel claim was decided by the ruling upon the fourth count of the answer, were overruled.   It unmistakably appears that the ruling complained of by counsel was not made.

III.   The plaintiff testified that the dispatch as received directed him to give from $5.85 to $6 per 100 pounds for the cattle.   To this evidence defendant objected, and renews his objection in this court.   We think the evidence competent.   It tends to show plaintiff's good faith in purchasing the cattle at the price he gave for them, and that he acted upon the dispatch in making his purchases.   The evidence does not bear upon the question whether the plaintiff, in the exercise of ordinary diligence and intelligence, was authorized to interpret the language of the dispatch as he did.   That question was not affected by this evidence; and defendant was free to establish, in a proper way, that the dispatch was not capable of being understood by ordinarily intelligent men as plaintiff understood it.

1. TELE-GRAPHS: purchase on message wrongly transmitted: evidence.

IV.   The district court gave to the jury the following, among other instructions.

"(1) That the burden of proof is on the plaintiff to establish his claim or cause of action against the defendant, as alleged in his petition, and before he would be entitled to recover he must prove, by a preponderance of the evidence, that he sent and received the message described in his petition; that the defendant made the mistake in the message transmitted by said Young & Co., of Chicago, as alleged in his petition; that he relied and acted upon the message as he received it from the defendant; and that he has sustained damages in manner as alleged in his petition by reason of said mistake.

2. ——: ——: liability of company: burden of proof as to diligence.

"(2) You are instructed that the regulation in the printed

nessage, requiring it to be repeated in order to avoid mis. takes, is a reasonable one, and will exempt the defendant from liability for mistakes occurring in the transmission of messages which are occasioned by uncontrollable causes, such as atmospheric electricity. Still, this regulation would not exempt the defendant from liability on account of mistakes occurring through or on account of negligence or carelessness of the agents or employes of the defendant. Notwithstanding this regulation or special agreement, it would be the duty of the defendant to employ skillful operators, use proper instruments, and, through its agents and employes, to exercise ordinary and reasonable care in the transmission of messages; and in this case, if you find and believe from the evidence that there was a mistake made by the defendant in the message sent by said Young & Co. to the plaintiff, and that the plaintiff relied and acted on the message as he received it from the hands of the defendant, and· has sustained damages thereby, then you should find for the plaintiff, unless you find that said mistake was occasioned by and through some uncontrollable cause, which a skillful operator, by the use of ordinary and reasonable care, could not have avoided; and the burden would be on the defendant to show that the mistake was caused by some uncontrollable cause, which a skillful operator, with a good instrument, with reasonable care and caution, could not have avoided."

This instruction holds, in effect, that plaintiff is entitled to recover upon showing, with other matters which need not be mentioned, that the defendant's employes made the mistake shown in the pleadings and evidence; that the condition of the contract for the transmission of the message relieved defendant of liability for mistakes occurring from uncontrollable causes, but did not exempt it from liability for the negligence of its employes; and that the burden of proof rests upon defendant to show that the mistake occurred from uncontrollable causes. This instruction, in this regard, is in conflict with the doctrine announced by this court many

years ago, and ever since recognized, in *Sweatland v. Illinois & Mississippi Tel. Co.*, 27 Iowa, 433. The condition of the contract for transmission of the message in that case is substantially like the one involved in this. This court then held that " the plaintiff, to recover, must prove something more than a mistake and damage. He must show that the mistake was caused by the fault of the defendant, and that it might have been avoided if the defendant's instruments had been good ones, and if defendant's agent had possessed the requisite skill, and exercised the proper care and diligence, in respect to the transmission and receipt of the message in question."

The instruction above quoted not only imposes liability upon defendant upon simple proof of the mistake, without evidence of negligence, but imposes upon defendant the burden of proving that there was no negligence, for the reason that the mistake occurred through uncontrollable causes. It makes the defendant liable without proof of negligence, and does not permit escape of liability, except upon proof made by defendant that there was no negligence. The instruction is not only in conflict with the prior decision of this court, but is clearly wrong upon principle.

For the errors in it, the judgment of the district court is

REVERSED.